IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 14, 2015 at Jackson

## STATE OF TENNESSEE v. KENNY THOMASON

**Appeal from the Circuit Court for Rutherford County**
**No. F-68230    David M. Bragg, Judge**

_____

**No. M2014-00592-CCA-R3-CD – Filed January 28, 2016**

_____


JAMES CURWOOD WITT, JR., J., dissenting.

I respectfully dissent from the majority view that the evidence supports a verdict of first degree premeditated murder.

In my view, the evidence fails to show premeditation. We know little about the interaction between the defendant and the victim. They had been friends. Motive is not really apparent, and the State showed no prior declarations of the defendant to kill the victim. No proof showed planning activities; indeed, the victim's presence at the residence was not previously known to the defendant. Although the defendant used a knife to kill the victim, he apparently did not procure the weapon for this purpose and did not deploy it until just before the fatal assault. I agree with the majority that generally the use of a knife to commit a homicide requires proximity to the victim and somewhat more focus than using a firearm; however, the defendant inflicted three stab wounds to the victim, two of which would not have been lethal. The proof showed that the defendant was "cold" during his interview with police, but a coldness does not really equate to calmness after the killing. I do not believe the defendant's post-homicide condition to be cogent enough to overcome the presumption of innocence and the absence of other markers for premeditation. Nor do I see that the 911 call adds anything of significance other than to show that the victim challenged the defendant and that the attack occurred suddenly, the latter being a fact corroborated by Mr. Milligan.

Although *State v. Dorantes*, 331 S.W.3d 370 (Tenn. 2011), overruled that portion of *State v. Crawford*, 470 S.W.2d 610 (Tenn. 1971), which allowed the *trier of fact* to impose a conviction based upon mere circumstantial evidence only when the "facts and circumstances [are] so closely interwoven and connected that the finger of guilt is pointed unerringly at the defendant and the defendant alone," *see State v. Dorantes*, 331 S.W.3d 370,

381 (Tenn. 2011), the court's opinion did nothing to alter fundamentally the standard for *appellate* review of the sufficiency of the convicting evidence. The *Crawford* court said, "A web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other *reasonable* inference save the guilt of the defendant beyond a reasonable doubt." *Id.* (emphasis added). Rather, said *Dorantes*, circumstantial evidence should be reviewed in the same manner as direct evidence – to determine whether, upon considering the evidence in the light most favorable to the prosecution, any *rational* trier of fact could have found the essential elements of the crime beyond a *reasonable* doubt. *See* Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). Although *Dorantes* instructs that review of evidence sufficiency does not "contemplate all plausible inferences [of circumstantial evidence] in the Defendant's favor, *see State v. Sisk*, 343 S.W.3d 60, 68 (Tenn. 2011), the polestar for reviewing the sufficiency of both direct and circumstantial evidence, whether before *Dorantes* or after, is rationality, or reasonableness. *Dorantes* is not an invitation for a reviewing court to rotely accede to a fact-finder's determination of the sufficiency of direct or circumstantial evidence however slight or speculative the basis for the determination may be. The case clearly effects a difference in the way juries are to be instructed on the handling of circumstantial evidence, but I am not sure that it affects the *basic* function of judicial review.

Although the emergence of *Dorantes* has denigrated in many minds the opinion in *Crawford*, the *Crawford* court, writing prior to the filing of *Jackson v. Virginia*, must be credited with acknowledging the peril in not holding the State's evidence to a standard of reasonableness:

> Mere suspicion and straws in the wind are not enough for circumstances take strange forms. Under our form of government and the administration of criminal justice, the defendant is clothed with a mantle of innocence and that presumption of innocence hovers over and protects him throughout the trial. Until this is overturned by strong proof of his guilt beyond a *reasonable* doubt, not an imaginary or captious doubt but an honest doubt engendered after a consideration of all the evidence so that the minds of the jurors cannot rest easy as to the certainty of guilt, he is entitled to an acquittal.

*Crawford,* 470 S.W.2d at 613 (emphasis added). If one assumes that the reference in this quotation to "strong proof" equates to proof "beyond a reasonable doubt," I see nothing in the quotation that is wrong – even under the *Dorantes* formulation.

- 2 -

So, in my view, the evidence did strongly establish that the defendant knowingly killed the victim but failed to show that he did so premeditatedly. Therefore, I would reverse the first degree murder conviction and impose a conviction for the lesser included offense of second degree murder.

_____

JAMES CURWOOD WITT, JR.